wll 5/14/07

IN THE CIRCUIT COURT OF THE NINTH JUDICIAL CIRCUIT, IN AND FOR ORANGE COUNTY, FLORIDA

THOMAS B. LUKA,

CASE NO.:

Plaintiff,

vs.

THE CITY OF ORLANDO, a municipal corporation, and ANTHONY MILLER in his individual capacity,

Defendants.

_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel and sues Defendants, THE CITY OF ORLANDO, a municipal corporation (hereinafter referred to as "Defendant OPD"), ANTHONY MILLER, in his individual capacity (hereinafter referred to as "Defendant MILLER"), (hereinafter collectively referred to as "Defendants"), and herein requests judgment of this court declaring unconstitutional and unlawful certain actions of defendants', which resulted in Plaintiff being deprived of his constitutional rights guaranteed by the Fourth, and Fourteenth Amendments to the United States Constitution as well as other civil rights guaranteed to him, and seeks damages from Defendants as compensation for the deprivation of his constitutional rights for an award of attorney's fees as authorized by law, all reasonable costs of this action, and for any other and further relief that this Court deems just and proper.

## PARTIES

1. Plaintiff is presently resident of Orange County, Florida and at all material times herein were resident of Orange County, Florida. Plaintiff is a member of the Florida Bar. Plaintiff has represented clients against the Defendants on police misconduct cases.

2. Defendant THE CITY OF ORLANDO is a municipal corporation (hereinafter referred to as "Defendant OPD"), situated in Orange County, Florida and through its law enforcement agency, The ORLANDO POLICE DEPARTMENT is responsible for the policies and conduct of its officer including Defendant MILLER.

3. Defendant MILLER is a police officer who is employed by Defendant OPD; is over the age of 18 and on information and belief is a resident in or conducts business in Orange County, Florida and is being sued in his individual capacity.

4. THE ORLANDO POLICE DEPARTMENT is the law enforcement agency for Defendant OPD (hereinafter referred to as "Defendant OPD").

**VENUE AND JURISDICTION**

5. This action is proper in the Circuit Court in and for Orange County, Florida as all material facts of this cause of action occurred in Orange County, Florida and this where the cause of action accrued.

6. This is an action for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00), exclusive of attorneys' fees and costs.

7. Concurrent jurisdiction is conferred in the Circuit Court in and for Orange County, by 28 U.S.C. §1331, to decide cases presenting a question arising under the Constitution and the laws of the United States, and by 28 U.S.C. §1343(a)(3) and (4), to redress the deprivation, under color of law, of any right, privilege or immunity secured by the United States Constitution.

8. Jurisdiction is conferred in the Circuit Court in and for Orange County, Florida, by Article V, Section 5(b) of the Florida Constitution to hear all state law claims including claims under the Constitution of the State of Florida.

9. This is an action brought pursuant to 42 U.S.C. §1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory ....subjects or causes to be subjected any citizen of the United States or others person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

10. Pursuant to §768.28(6)(a), Florida Statutes, Plaintiff has notified Defendant OPD of his claims six months or more prior to the filing of this action and said claims were not resolved. Plaintiff has fully complied with §768.28(6)(a), including providing notice and service, if applicable, to the Florida Department of Financial Services.

11. All conditions precedent to the filing of this action have occurred, accrued, or have been waived as a matter of law.

**GENERAL ALLEGATIONS**

12. On or about September 19, 2006 Plaintiff was saying goodbye to one of his friends in front of Casey's Bar, in downtown Orlando, when he was violently shoved to the side by Defendant MILLER and was faced with the threat of being tasered.

13. Plaintiff immediately put his hands up and asked not to be hit with the taser.

14. Defendant MILLER then asked for Plaintiff's identification and Plaintiff complied.

15. While Plaintiff was retrieving his identification his Florida bar card fell out of his wallet.

16. Defendant MILLER examined both Plaintiff's license and Plaintiff's bar card and told Plaintiff that he knew who he was and that he was going to jail.

17. Plaintiff was then searched and handcuffed by Defendant MILLER against the will of Plaintiff and placed in the back of a patrol car.

18. Plaintiff was not taken directly to the Booking and Release Center on John Young Parkway, which is standard procedure. Instead Plaintiff was taken to a substation of the Orlando Police Department and placed in a windowless "holding cell" with only a bench, and held there for approximately four (4) hours. During this time period, Plaintiff was subjected to certain actions described herein at the hands of Defendant MILLER and other unknown law enforcement officers who Defendant MILLER summoned.

19. Plaintiff's handcuffs were not removed, were too tight and caused swelling to his wrists.

20. At some point while Plaintiff was in the holding cell the lights were turned out and the door opened. Law enforcement officers entered the "holding cell" and Plaintiff was ordered to stand up and face the wall.

21. Plaintiff's metal handcuffs were replaced with plastic ones that were placed on even tighter than the first set of handcuffs.

22. Plaintiff cried out in pain, but was told that the handcuffs were fine.

23. Plaintiff was then laid on the floor, still in handcuffs, and received several blows to his back and the back of his legs.

24. While Plaintiff was receiving blows to his back and legs many comments were made towards him. From these comments, it became clear to Plaintiff that Defendant MILLER had coordinated a vindictive attack on Plaintiff, with other unknown law enforcement officers, to punish and humiliate Plaintiff as a result of Plaintiff representing clients who had sued law enforcement.

25. Approximately one hour later the lights were turned back on.

26. Plaintiff was then taken to the Orange County jail booked and released approximately fifteen (15) hours later.

27. All charges were nolle prosequi on October 19, 2006.

**COUNT I – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION**
**( DEFENDANT ORLANDO POLICE DEPARTMENT)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as Plaintiff), by and through his undersigned counsel, and sues Defendant CITY OF ORLANDO, a municipal corporation (hereinafter referred to as "Defendant OPD"), and in support thereof states as follows:

28. This is an action for false arrest/false imprisonment and detention against Defendant OPD and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00).

29. Plaintiff realleges the allegations contained in paragraphs 1 through 6, and 10 through 27 above, as if fully set forth herein.

30. On or about September 20, 2006, Defendant OPD, through the Orlando Police Department, its employees and agents acting in the course and scope of their duties as police officers, deprived Plaintiff of his freedom and liberty and restrained him in his movements at the scene of the initial arrest and detention and continuing until he was released from the Orange County jail.

31. Plaintiff did not consent to the aforementioned actions of Defendant OPD, its employees and agents, and said actions were against the will of Plaintiff.

32. The restraint of Plaintiff by Defendant OPD through its employees and agents acting in the course and scope of their duties as police officers was unlawful, was not based upon any

lawfully issued process of court and Defendant OPD did not have a valid warrant for the arrest of Plaintiff.

33. As a direct result of Defendant OPD's actions through its agents and employees for which Defendant OPD is responsible, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, loss of time, loss of income, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the physical and emotional aspects of which are continuing to this day and are likely to continue into the future.

WHEREFORE, for the foregoing reasons, Plaintiff, THOMAS B. LUKA respectfully requests this Court to enter judgment against Defendant, THE CITY OF ORLANDO, a municipal corporation for damages and costs in the prosecution of this matter and for such other and further relief as this Court deems just and proper under the circumstances.

## COUNT II – FALSE ARREST/FALSE IMPRISONMENT AND DETENTION (DEFENDANT MILLER)

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, and sues Defendant, ANTHONY MILLER (hereinafter referred to as "Defendant MILLER"), and herein seeks damages against Defendant MILLER, and for any other and further relief as this Court deems just and proper, and states as follows:

34. This is a cause of action for false arrest/false imprisonment and detention against Defendant MILLER, and for damages in excess of Fifteen Thousand and 00/100 Dollars ($15,000.00).

35. Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, and 11 through 27 above, as if fully set forth herein.

36. On or about September 20, 2006, Defendant MILLER, deprived Plaintiff of his freedom and liberty and restrained him and his movements at the location referenced above. Plaintiff did not consent to the aforementioned actions of Defendant MILLER.

37. The restraint of Plaintiff was caused by Defendant MILLER, and was unlawful.

38. As a direct and proximate cause of the actions of Defendant MILLER, Plaintiff was illegally detained and arrested.

39. Plaintiff has suffered damages that includes physical inconvenience, physical discomfort, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the emotional aspects of which are continuing to this day and are likely to continue in the future.

40. The actions of Defendant, MILLER, were done in bad faith, with malice and in reckless disregard for the rights of Plaintiff.

WHEREFORE, for the foregoing reasons, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to enter judgment against Defendant, ANTHONY MILLER, for damages and costs in the prosecution of this matter and such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, THOMAS B. LUKA seeks an award of punitive damages to punish Defendant, ANTHONY MILLER, for the conduct which would deter him and others from such conduct in the future.

**COUNT III – MALICIOUS PROSECUTION**
**(DEFENDANT MILLER)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and sues Defendant ANTHONY MILLER, in his individual capacity (hereinafter referred to as "Defendant MILLER"), and in support therefore states as follows:

41. This is a cause of action for malicious prosecution against Defendant MILLER and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00).

42. Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, and 11 through 27 above, as if fully set forth herein.

43. Defendant MILLER owes a duty of care to the citizenry in general, and specifically in this case, he owed a duty of care to Plaintiff.

44. On September 20, 2006 Defendant MILLER, with malicious purpose, caused a prosecution to be instituted against Plaintiff.

45. Said prosecution was instituted without probable cause due to the facts observed by Defendant MILLER prior to arresting Plaintiff, and the matters which moved him to institute the aforementioned prosecution would not have warranted a reasonable man to believe that any criminal offense had been committed by Plaintiff.

46. There was absence of probable cause to arrest and detain Plaintiff.

47. On or about October 19, 2006 the prosecution against Plaintiff was terminated in favor of Plaintiff. The termination of the prosecution constituted a bona fide termination of that proceeding in favor of Plaintiff, and there was an absence of probable cause to arrest Plaintiff.

48. Defendant MILLER acted maliciously and in bad faith against the Plaintiff at all times mentioned herein. No prosecutions of Plaintiff would have occurred but for the actions of Defendant MILLER.

49. As a result of Defendant MILLER's actions, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, medical expenses, loss of time, loss of income, mental suffering and humiliation, disgrace and injury to his reputation, the

emotional and physical aspects which are continuing to this day and are likely to continue into the future.

WHEREFORE, for the foregoing reasons, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to enter judgment against Defendant, ANTHONY MILLER, in his individual capacity, for damages and costs in the prosecution of this matter, and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff seeks an award of punitive damages to punish Defendant ANTHONY MILLER, for his conduct, which would deter him and others from such conduct in the future.

**COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (DEFENDANT MILLER)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and sues Defendant ANTHONY MILLER, in his individual capacity (hereinafter referred to as "Defendant MILLER"), and in support thereof states as follows:

50. This is a cause of action for intentional infliction of emotional distress against Defendant MILLER, and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00).

51. Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, and 11 through 27 above, as if fully set forth herein.

52. Defendant MILLER owes a duty of care to the citizenry in general, and specifically in this case, he owed a duty of care to Plaintiff.

53. Defendant MILLER caused Plaintiff to be unduly incarcerated, subjected to undue prosecution and subjected to unfair treatment. Defendant MILLER wrongfully arrested Plaintiff and caused him severe emotional and physical distress. Defendant MILLER detained

Plaintiff in a "holding call" had the lights turned off and coordinated an attack on Plaintiff while Plaintiff was handcuffed and in the dark. These acts were done because Defendant MILLER wanted to punish Plaintiff for taking cases against law enforcement.

54. Defendant MILLER knew or should have known that the aforementioned acts would result in severe emotional distress to Plaintiff.

55. This was no probable cause for the arrest and unlawful treatment of Plaintiff.

56. Defendant MILLER intended his behavior and he knew or should have known the emotional distress that was likely to result.

57. Defendant MILLER's conduct was outrageous, beyond all bounds of decency, atrocious and utterly intolerable in a civilized community. The conduct caused severe emotional distress. Plaintiff has never been arrested prior to this incident and the aforementioned acts caused extreme emotional distress to his person as well as causing him to obtain an arrest record.

58. As a result of Defendant MILLER's actions, Plaintiff has suffered damages which include physical inconvenience, physical discomfort and pain, medical expenses, loss of time, mental suffering and humiliation, disgrace and injury to his reputation, the emotional and physical aspects which are continuing to this day and are likely to continue into the future.

WHEREFORE, for the foregoing reasons, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to enter judgment against Defendant, ANTHONY MILLER, in his individual capacity, for damages and costs in the prosecution of this matter, and for such others and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff seeks an award of punitive damages to punish Defendant ANTHONY MILLER for his conduct, which would deter him and others from such conduct in the future.

**COUNT V – BATTERY**
**(DEFENDANT ORLANDO POLICE DEPARTMENT)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and sues Defendant, THE CITY OF ORLANDO, a municipal corporation, (hereinafter referred to as "Defendant OPD"), and in support thereof states as follows:

59. This is a cause of action for battery against Defendant OPD, and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00).

60. Plaintiff realleges the allegations contained in paragraphs 1 through 6 and 10 through 27 above, as if fully set forth herein.

61. Without justification and in violation of Plaintiff's rights, Defendant OPD, through the actions of its police officer and agents acting in the course and scope of their employment, caused Plaintiff to suffer a harmful and offensive contact.

62. At all relevant times Defendant OPD, through the actions of its officers, agents or employees, intended to cause harm or offensive conduct to Plaintiff, which in fact occurred.

63. As a direct and proximate result of the offensive conduct, Plaintiff has suffered damages at the hands of Defendant OPD.

64. As a direct result of said battery, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, medical expenses, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

65. Plaintiff may require medical treatment in the future and as a result may incur additional medical expenses for said treatment.

66. Defendant OPD was without legal justification to cause the offensive conduct.

WHEREFORE, for the foregoing reasons, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to enter judgment against Defendant THE CITY OF ORLANDO, a municipal corporation for all compensatory damages, all costs of this action, and for such other and further relief as this Court deems just and proper under the circumstances.

**COUNT VI – BATTERY**
**(DEFENDANT MILLER)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and sues Defendant, ANTHONY MILLER, in his individual capacity (hereinafter referred to as "Defendant MILLER") and in support thereof states as follows:

67. This is an action for battery against Defendant MILLER, and for damages in excess of Fifteen Thousand and no/100 ($15,000.00).

68. Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, and 11 through 27 above, as if fully set forth herein.

69. On or about September 20, 2006 Defendant MILLER unlawfully touched, struck, battered Plaintiff against the will of Plaintiff and without Plaintiff's consent. Defendant MILLER also coordinated an attack on Plaintiff with other unknown law enforcement officers. Defendant MILLER detained Plaintiff in a "holding cell", had the lights turned off and coordinated an attack on Plaintiff while Plaintiff was handcuffed and in the dark. This was done because Defendant MILLER wanted to punish Plaintiff for taking cases against law enforcement.

70. Defendant MILLER acted in bad faith and with malicious purpose when he touched, struck, and battered Plaintiff. Defendant MILLER intended to cause damages with his actions.

71. As a direct result of said battery, Plaintiff has suffered damages which include physical suffering, physical inconvenience, physical discomfort and pain, medical expenses, loss of time, mental suffering, embarrassment, humiliation, disgrace and injury to his feelings and reputation, the emotional and physical aspects of which are continuing to this day and are likely to continue into the future.

72. Plaintiff may require medical treatment in the future and as a result may incur additional medical expenses for said treatment.

WHEREFORE, for the foregoing reasons, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to enter judgment against Defendant ANTHONY MILLER, in his individual capacity, and for damages and costs for the prosecution of this matter and for such other and further relief as this Court deems just and proper under the circumstances. Further, Plaintiff, seeks an award of punitive damages to punish Defendant, ANTHONY MILLER for his actions which would deter him and others from such conduct in the future.

**COUNT VII - 42 U.S.C. § 1983**
**(DEFENDANT MILLER)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and sues Defendant ANTHONY MILLER, in his individual capacity (hereinafter referred to as "Defendant MILLER") and in support thereof states as follows:

73. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant MILLER and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00).

74. Plaintiff realleges the allegations contained in paragraphs 1, 3, 5, 6, 7, 8, 9, and 10 through 27 above, as if fully set forth herein.

75. Plaintiff has the right under the Constitution of the United States Constitution to be secure from unlawful searches or unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

76. Additionally, Plaintiff has the right under the United States Constitution and the Constitution of the State of Florida to be free from the use of excessive force and battery.

77. Plaintiff also has the right to be free from wrongful arrest and prosecution.

78. On or about September 20, 2006, Defendant MILLER, under the color of law and as an employee of Defendant OPD, deprived Plaintiff of his rights under the United States Constitution, in violation of 42 U.S.C. §1983, in that, without probable cause that Plaintiff had committed a violation of law, illegally arrested, battered, handcuffed, and caused Plaintiff to be arrested and battered and deprived of his liberty, thereby causing Plaintiff physical and emotional pain and suffering. Defendant MILLER had no legal right to detain or to touch Plaintiff. Defendant MILLER's beating of Plaintiff or allowance of Plaintiff to be beaten was excessive force, and cannot be accepted in a civilized society.

79. The primary, obvious, and sole purpose of the illegal and wrongful detention and unlawful restraint of Plaintiff was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of his rights under the Fourth, and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for loss of those rights and the damages that resulted therefrom.

80. Defendant MILLER took the actions complained of above with knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of Defendant MILLER violated the clearly established constitutional rights of Plaintiff,

rights of which every reasonable member of the public or governmental entity should have known.

81. Defendant MILLER knew that his actions would deprive Plaintiff of his constitutional rights, but proceeded with the unlawful actions with willful disregard for the consequences of his actions.

82. As a direct result of Defendant MILLER's actions, Plaintiff has suffered damages, including but not limited to, physical inconvenience, physical discomfort and pain, physical suffering, medical expenses, emotional damage, mental suffering, loss of income, damage suffered to his reputation, and all others damages associated with Plaintiff's arrest, which exist to this day and which emotional suffering and damage is likely to continue into the future.

83. Plaintiff has also suffered damages as a result of his Fourth, and Fourteenth Amendment rights being violated.

84. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C §1983 and is entitled to recover from Defendant MILLER a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against Defendant, ANTHONY MILLER, in his individual capacity, and to award Plaintiff his attorneys fees and costs pursuant to 42 U.S.C. §1988 and others applicable laws. Further, Plaintiff requests punitive damages against Defendant ANTHONY MILLER, individually, for his conduct, which would deter him and others from such conduct in the future.

**COUNT VIII – 42 U.S.C. §1983**
**(DEFENDANT ORLANDO POLICE DEPARTMENT)**

COMES NOW, Plaintiff, THOMAS B. LUKA (hereinafter referred to as "Plaintiff") by and through his undersigned counsel, and sues Defendant, THE CITY OF ORLANDO, a municipal corporation (hereinafter referred to as "Defendant OPD"), and in support thereof states as follows:

85. This is a cause of action for violation of civil rights under 42 U.S.C. §1983 against Defendant OPD, and for damages in excess of Fifteen Thousand and no/100 Dollars ($15,000.00).

86. Plaintiff realleges the allegations contained in paragraphs 1 through 27 above, as if fully set forth herein.

87. Plaintiff has a right under the United States Constitution to be secure from unlawful search and unlawful restraint of his person and liberty, which may be restricted only upon due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

88. Plaintiff has the right under the United States Constitution to be free from the use of excessive force and battery.

89. Plaintiff has the right to be free from violations of his constitutional rights.

90. On or about September 20, 2006, Defendant OPD through its employees and agents, acting in the course and scope of their duties as police officers, under the color of law deprived Plaintiff of his rights under the United States Constitution in violation of 42 U.S.C. §1983 in that without probable cause that Plaintiff had committed a violation of law, illegally arrested, handcuffed, and battered Plaintiff and caused Plaintiff to be arrested and deprived of his liberty thereby causing Plaintiff physical and emotional pain and suffering. Further, Defendant

OPD, its employees and agents acting in the course and scope of their duties as police officers orchestrated an attack on Plaintiff.

91. The primary, obvious and sole purpose of the illegal and wrongful detention, battery, unlawful restraint and excessive force of Plaintiff was to deprive and infringe upon Plaintiff's constitutional rights. As a result, Plaintiff was deprived of his rights under the Fourth and Fourteenth Amendments to the United States Constitution. Violation of these rights entitles Plaintiff to an award of damages for a loss of those rights and the damages that result therefrom.

92. Defendant OPD, through the Orlando Police Department, its employees and agents acting in the course and scope of their duties as police officers, took the actions complained of above with the knowledge that the actions were in direct violation of the United States Constitution and the rights of Plaintiff. The acts of Defendant OPD violated the constitutional rights of Plaintiff.

93. Defendant OPD, its employees and agents acting in the course and scope of their duties as police officers, knew that their actions would deprive Plaintiff of his constitutional rights but proceeded with their unlawful actions with the willful disregard for the consequences of their actions.

94. Defendant OPD is responsible for the acts of its police officers.

95. Defendant OPD had a custom, policy and practice in place that allowed its police officers to use excessive force and arrest individuals in unlawful situations. Further, Defendant OPD failed to properly train its officers on the arrest procedures and failed to discipline its officers who improperly arrested and battered citizens.

96. Defendant OPD's officers followed the policy, or custom and practice of Defendant OPD when he wrongfully arrested, detained, and beat Plaintiff.

97. The actions of Defendant MILLER were done under the color of law pursuant to the official policy, customs and practice of Defendant OPD.

98. Defendant MILLER had improper or inadequate training from Defendant OPD on the requirements of the United States Constitution and the requirements for a proper arrest and proper use of force.

99. Defendant OPD's policies, customs and procedures were the driving force causing Defendant MILLER to use excessive force and arrest Plaintiff.

100. Defendant OPD approved or ratified the unlawful and deliberate conduct of Defendant MILLER.

101. As a direct result of Defendant OPD, Plaintiff has suffered damages including but not limited to emotional damage, damage suffered to his reputation and all other damages associated with Plaintiff's arrest which exist to this day and which emotional suffering and damage is likely to continue into the future.

102. Plaintiff has also suffered damages as a result of his Fourth and Fourteenth Amendment rights being violated.

103. Plaintiff has retained the undersigned counsel to bring this action under 42 U.S.C. §1983 and is entitled to recover from Defendant THE CITY OF ORLANDO a reasonable fee for said counsel pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff, THOMAS B. LUKA, respectfully requests this Court to take jurisdiction of this cause and the parties to this action and enter an award of damages against THE CITY OF ORLANDO, a municipal corporation, and to award Plaintiff his attorneys fees and costs pursuant to 42 U.S.C. §1988 and other applicable laws.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 1.430(a), Florida Rules of Civil Procedure, Plaintiff THOMAS B. LUKA hereby demands a trial by jury for all issues so triable.

Dated this 10th day of May, 2007.

**HOWARD S. MARKS, ESQUIRE**
Florida Bar No. 0750085
**ABBYE E. ALEXANDER, ESQUIRE**
Florida Bar No. 0662348
GRAHAM, BUILDER, JONES,
PRATT, & MARKS, LLP
369 N. New York Avenue,
P.O. Drawer 1690
Winter Park, FL 32790
Telephone: (407) 647-4455,
Facsimile: (407) 740-7063
Attorneys for Plaintiff